UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PUMP SYSTEMS MANAGEMENT, INC.; RENTZEL PUMP MANUFACTURING, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> BLOOMFIELD FOUNDRY, INC.; DEMPSTER INDUSTRIES, INC.; and DEMPSTER INDUSTRIES, LLC, <br><br> Defendants. | CIVIL NO. _____ <br><br><br> **COMPLAINT** |

COME NOW Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P. (hereafter "Plaintiffs"), and for their Complaint against Defendants, Bloomfield Foundry, Inc., Dempster Industries, Inc. and Dempster Industries, LLC, hereby allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Pump Systems Management, Inc. ("PSM"), is a corporation organized and operated under the laws of the State of Oklahoma with its principal place of business in Norman, Oklahoma.

2. Plaintiff, Rentzel Pump Manufacturing, L.P. ("RPM"), is a limited partnership organized under the laws of the State of Oklahoma with its principal place of business in Norman, Oklahoma.

3. PSM and RPM are under common management and ownership.

4. Upon information and belief, Defendant, Bloomfield Foundry, Inc. ("Bloomfield"), is a corporation organized and operated under the laws of the State of Iowa with its principal place of business at 808 Karr Ave., Bloomfield, Iowa 52537.

5. Upon information and belief, Defendant, Dempster Industries, Inc., is a corporation organized and operated under the laws of the State of Nebraska with its principal place of business in Beatrice, Nebraska.

6. Upon information and belief, Defendant, Dempster Industries, LLC, is a limited liability company organized and operated under the laws of the State of Ohio with its principal place of business at 9751 Dinwiddie Ct., Centerville, OH 45458.[1]

7. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over all Defendants because each Defendant has the requisite minimum contacts with the State of Iowa necessary to satisfy the due process requirements of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

## FACTS COMMON TO ALL COUNTS

10. Effective in October of 2003, Dempster sold the assets of its line of vertical lineshaft and submersible turbine pumps (the "Turbine Pump Line"), including all patterns and core boxes necessary to manufacture and produce the castings for the Turbine Pump Line, to PSM.

---

[1] The three defendants in this lawsuit will be referred to collectively herein as "Defendants." Dempster Industries, Inc. and Dempster Industries, LLC will be referred to collectively herein as "Dempster."

11. At that time, 59 of the Turbine Pump Line patterns and core boxes included in the asset sale were in the possession of, and being stored by, Bloomfield at its foundry in Bloomfield, Iowa.

12. Shortly thereafter, Bloomfield received written notification that the 59 Turbine Pump Line patterns and core boxes in Bloomfield's possession had been sold by Dempster to PSM.

13. Also effective in October of 2003, Dempster's Vertical Turbine Pump Division in Lubbock, Texas, changed ownership to RPM.

14. Shortly thereafter, Bloomfield received further written notification that Dempster's Vertical Turbine Pump Division in Lubbock, Texas, had changed ownership to RPM.

15. Over the course of the next five to six years, Plaintiffs placed orders with Bloomfield that required Bloomfield to utilize certain of the 59 Turbine Pump Line patterns and core boxes in Bloomfield's possession.

16. On or about June 24, 2009, Bloomfield faxed a letter and Scrap Pattern Authorization form to Dempster requesting permission to dispose of and scrap 29 of the Turbine Pump Line patterns and core boxes in Bloomfield's possession, despite the fact that those patterns and core boxes had been owned and utilized by Plaintiffs, and not Dempster, for over five years.

17. On or about June 29, 2009, Dempster executed the Scrap Pattern Authorization form granting Bloomfield permission to dispose of and scrap 29 of the Turbine Pump Line patterns and core boxes in Bloomfield's possession, despite the fact that those patterns and core boxes had been sold by Dempster to PSM over five years earlier.

18. Shortly thereafter, after receiving the Scrap Pattern Authorization form executed by Dempster, Bloomfield destroyed those 29 Turbine Pump Line patterns and core boxes (hereafter, collectively, the "Patterns and Core Boxes").

## COUNT I – CONVERSION (BLOOMFIELD)

19. Plaintiffs repeat and reallege the allegations asserted in Paragraphs 1 through 18 above as if set forth fully herein.

20. Bloomfield intentionally exercised wrongful dominion and control over the Patterns and Core Boxes in a manner contrary to and inconsistent with Plaintiffs' superior rights in and to the possession and use thereof by scrapping and destroying the Patterns and Core Boxes without Plaintiffs' knowledge or consent.

21. Bloomfield's intentional exercise of wrongful dominion and control over the Patterns and Core Boxes so seriously interfered with Plaintiffs' superior rights in and to the possession and use thereof that Bloomfield shall be required by law to reimburse Plaintiffs for the costs to replace the Patterns and Core Boxes.

22. Bloomfield's foregoing conduct proximately caused Plaintiffs' damages, including, without limitation, replacement costs and loss of business, profits and goodwill.

WHEREFORE, Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P., respectfully pray that judgment be entered in their favor and against Defendant, Bloomfield Foundry, Inc., on Count I – Conversion in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law and the costs of this action, and for all such other and further relief as the Court deems fit under the circumstances.

## COUNT II – CONVERSION (DEMPSTER)

23. Plaintiffs repeat and reallege the allegations asserted in Paragraphs 1 through 22 above as if set forth fully herein.

24. Dempster intentionally exercised wrongful dominion and control over the Patterns and Core Boxes in a manner contrary to and inconsistent with Plaintiffs' superior rights in and to the possession and use thereof by authorizing Bloomfield to scrap and destroy the Patterns and Core Boxes without Plaintiffs' knowledge or consent.

25. Dempster's intentional exercise of wrongful dominion and control over the Patterns and Core Boxes so seriously interfered with Plaintiffs' superior rights in and to the possession and use thereof that Dempster shall be required by law to reimburse Plaintiffs for the costs to replace the Patterns and Core Boxes.

26. Dempster's foregoing conduct proximately caused Plaintiffs' damages, including, without limitation, replacement costs and loss of business, profits and goodwill.

WHEREFORE, Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P., respectfully pray that judgment be entered in their favor and against Defendants, Dempster Industries, Inc. and Dempster Industries, LLC, on Count II – Conversion in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law and the costs of this action, and for all such other and further relief as the Court deems fit under the circumstances.

## COUNT III – NEGLIGENCE (BLOOMFIELD)

27. Plaintiffs repeat and reallege the allegations asserted in Paragraphs 1 through 26 above as if set forth fully herein.

28. Prior to their destruction, Bloomfield was the bailee of the Patterns and Core Boxes for Plaintiffs.

29. As bailee of the Patterns and Core Boxes, Bloomfield had a duty to exercise ordinary and reasonable care to safekeep and protect the Patterns and Core Boxes.

30. Bloomfield breached its duty to exercise ordinary and reasonable care to safekeep and protect the Patterns and Core Boxes by scrapping and destroying the Patterns and Core Boxes without Plaintiffs' knowledge or consent.

31. Bloomfield's foregoing conduct proximately caused Plaintiffs' damages, including, without limitation, replacement costs and loss of business, profits and goodwill.

WHEREFORE, Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P., respectfully pray that judgment be entered in their favor and against Defendant, Bloomfield Foundry, Inc., on Count III – Negligence in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law and the costs of this action, and for all such other and further relief as the Court deems fit under the circumstances.

### COUNT IV – NEGLIGENCE (DEMPSTER)

32. Plaintiffs repeat and reallege the allegations asserted in Paragraphs 1 through 31 above as if set forth fully herein.

33. Dempster had a duty to exercise ordinary and reasonable care to protect Plaintiffs' right, title and interest in and to the Patterns and Core Boxes Dempster sold to PSM.

34. Dempster breached its duty to exercise ordinary and reasonable care to protect Plaintiffs' right, title and interest in and to the Patterns and Core Boxes sold to PSM by authorizing Bloomfield to scrap and destroy the Patterns and Core Boxes without Plaintiffs' knowledge or consent.

35. Dempster's foregoing conduct proximately caused Plaintiffs' damages, including, without limitation, replacement costs and loss of business, profits and goodwill.

WHEREFORE, Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P., respectfully pray that judgment be entered in their favor and against Defendants, Dempster Industries, Inc. and Dempster Industries, LLC, on Count IV – Negligence in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law and the costs of this action, and for all such other and further relief as the Court deems fit under the circumstances.

## COUNT V – CIVIL CONSPIRACY (BLOOMFIELD AND DEMPSTER)

36. Plaintiffs repeat and reallege the allegations asserted in Paragraphs 1 through 35 above as if set forth fully herein.

37. Bloomfield and Dempster agreed that Bloomfield should destroy Plaintiffs' Patterns and Core Boxes.

38. Bloomfield and Dempster engaged in concerted action to destroy Plaintiffs' Patterns and Core Boxes.

39. Bloomfield's and Dempster's foregoing agreement and concerted action led to the unlawful destruction of Plaintiffs' Patterns and Core Boxes.

40. Bloomfield and Dempster shall each be held vicariously and jointly and severally liable for the acts committed by the other in relation to the unlawful destruction of Plaintiffs' Patterns and Core Boxes.

WHEREFORE, Plaintiffs, Pump Systems Management, Inc. and Rentzel Pump Manufacturing, L.P., respectfully pray that judgment be entered in their favor and against Defendants, Bloomfield Foundry, Inc., Dempster Industries, Inc. and Dempster Industries, LLC,

on Count V – Civil Conspiracy, and for all such other and further relief as the Court deems fit under the circumstances.

Dated: June 16, 2014

/s/ Brant D. Kahler
Brant D. Kahler, AT0009819
BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: (515) 242-2400
Facsimile: (515) 242-2488
E-mail: kahler@brownwinick.com

ATTORNEY FOR PLAINTIFFS
PUMP SYSTEMS MANAGEMENT, INC. and
RENTZEL PUMP MANUFACTURING, L.P.